No. 26-1527

# United States Court of Appeals for the Federal Circuit

**ABC IP LLC, RARE BREED TRIGGERS, INC.,**
*Plaintiffs-Appellants,*

*v.*

**PEAK TACTICAL LLC, dba Partisan Triggers, NICHOLAS NORTON,**
*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING IN CASE NO. 2:26-CV-00018, JUDGE KELLY H. RANKIN

**APPELLANTS ABC IP, LLC AND RARE BREED TRIGGERS, INC.'S EMERGENCY MOTION TO EXPEDITE PROCEEDINGS**

Matthew A. Colvin
Carl E. Bruce
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
colvin@fr.com, bruce@fr.com

Benjamin J. Christoff
Elizabeth DeToro
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
christoff@fr.com, detoro@fr.com

John W. Thornburgh
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
thornburgh@fr.com

Glenn D. Bellamy
WOOD HERRON & EVANS, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 707-0243
gbellamy@whe-law.com

## STATEMENT OF OPPOSITION

Rare Breed has contacted Defendants-Appellees Peak Tactical, LLC D/B/A Partisan Triggers and Nicholas Norton ("Partisan") and is informed that Partisan opposes expediting the appeal but does not oppose expediting this Motion.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND PROPOSED SCHEDULE ........................ 1

II. BACKGROUND .................................................................... 4

    A. Rare Breed Developed a New Market By Investing in R&D and Legal Precedent ........................................... 4

    B. Partisan Deliberately Copied Rare Breed's Design, Despite Knowing of Rare Breed's Patents, and Flooded the Market with Cheap Copies ................................. 6

    C. The District Court Denied Relief ............................. 7

    D. A Different District Court Reached the Opposite Result on a More Fulsome Record ......................... 9

III. ARGUMENT ..................................................................... 9

    A. Expedition Is Warranted to Minimize Irreparable Harm .................................................................. 10

    B. Expedition Is Warranted Because Rare Breed Is Likely to Succeed on the Merits ............................ 11

    C. Expedition Will Not Prejudice Partisan ................ 13

IV. CONCLUSION ................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC v. Hoffman Tactical, LLC*,
No. 1:25-cv-00389, Dkt. No. 45 (E.D. Tenn. Feb. 11,
2026) ................................................................................................ 2

*Celsis In Vitro, Inc. v. CellzDirect, Inc.*,
664 F.3d 922 (Fed. Cir. 2012) ...................................................... 10

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
717 F.3d 1336 (Fed. Cir. 2013) ..................................................... 11

*Garland v. Cargill*,
602 U.S. 406 (2024) ........................................................................ 5

*Nat'l Ass'n for Gun Rts., Inc. v. Garland*,
741 F. Supp. 3d 568 (N.D. Tex. 2024) ............................................ 5

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*,
549 F.3d 842 (Fed. Cir. 2008) ....................................................... 12

*Rick's Mushroom Serv., Inc. v. United States*,
521 F.3d 1338 (Fed. Cir. 2008) ..................................................... 13

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
659 F.3d 1142 (Fed. Cir. 2011) ...................................................... 11

*Titan Tire Corp. v. Case New Holland, Inc.*,
566 F.3d 1372 (Fed. Cir. 2009) ..................................................... 12

# INDEX OF ATTACHMENTS

| Ex. No. | Description |
|---------|-------------|
| 1 | Order Denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (February 13, 2026), Dkt. No. 39 |
| 2 | Order Denying Plaintiffs' Motion for Expedited Discovery (March 11, 2026), Dkt. No. 45 |
| 3 | Memorandum [in Support of Order Granting Plaintiffs' Motion for Preliminary Injunction] *ABC IP, LLC and Rare Breed Triggers, Inc. v. Timothy Hoffman and Hoffman Tactical LLC*, No. 25-cv-00389 (E.D. Tenn. February 11, 2026), Dkt. No. 45 |
| 4 | Transcript of Hearing Proceedings – Motion for Temporary Restraining Order [excerpts] (February 4, 2026) |
| 5 | Office of Public Affairs Press Release titled, "Department of Justice Announces Settlement of Litigation Between the Federal Government and Rare Breed Triggers" dated May 16, 2025 (Filed January 16, 2026, at Dkt. No. 7-5) |
| 6 | Declaration of Brian Luettke in support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (January 16, 2026), Dkt. No. 7-17 |
| 7 | Forum titled "It is time for an introduction" posted September 13, 2025, on https://AR15.com/forums [excerpt] (Filed January 16, 2026, at Dkt. No. 7-10) |
| 8 | Forum titled "Rare Breed Triggers v Partisan Triggers legal battle" posted January 7, 2026, on https://AR15.com/forums [excerpt] (Filed January 16, 2026, at Dkt. No. 7-11) |
| 9 | Declaration of Samir P. Warty in support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (January 16, 2026), Dkt. No. 7-27 |
| 10 | Demonstrative Slides entered as Ex. 3 at hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [excerpt] (February 4, 2026, Dkt. No. 31-2) |

## I.  INTRODUCTION AND PROPOSED SCHEDULE

Pursuant to Federal Rules of Appellate Procedure 2 and 27 and Federal Circuit Rule 27, Plaintiff-Appellant Rare Breed moves for expedited briefing and oral argument of this appeal of a preliminary injunction wrongly denied by the District of Wyoming. Expedition is appropriate where, as here, "the normal briefing and disposition schedule may adversely affect one of the parties, as in appeals involving preliminary or permanent injunctions." Practice Note to Fed. Cir. Rule 27.

Expedited review by this Court is necessary to prevent harm to Rare Breed and the public.  Defendant-Appellee Partisan is a blatant copyist selling clones of Rare Breed's patented rifle triggers. Apart from cosmetic housing changes, Partisan's product is a direct copy of Rare Breed's patented trigger:

| Rare Breed FRT-15L3 | Partisan Disruptor |
|---|---|
|  | |

*See* Ex. 10 at 2.

1

Even worse, Partisan is selling its clone for a fraction of Rare Breed's price. It can afford to do so because it did not make Rare Breed's substantial investments in developing the technology and building the market. Indeed, Rare Breed spent years establishing the legality of its product—first through successful litigation with the federal government (ATF) to establish that its design is not a machine gun and then by settlement with the DOJ. But now copyists are destroying the market Rare Breed carefully built.

Another reason for urgency is that as part of the settlement, the DOJ required Rare Breed to promote safety and also to enforce its patents against copyists. In other words, the federal government believes that enforcement of Rare Breed's patents is in the public interest.

A further reason for urgency is that a different court dealing with a different (but similar) defendant entered a preliminary injunction in Rare Breed's favor. *See* Ex. 3 (*ABC IP, LLC v. Hoffman Tactical, LLC*, No. 1:25-cv-00389, Dkt. No. 45 (E.D. Tenn. Feb. 11, 2026)). It is notable the Eastern District of Tennessee allowed more evidence than Wyoming before granting the injunction, but the inconsistency in results causes confusion.

Finally, Rare Breed is likely to succeed on the merits. The Wyoming court heavily discounted the irreparable harm that infringement by a direct competitor causes, holding that damages would suffice. It was also skeptical of infringement

and validity despite Partisan's blatant copying of a patented design and its reliance on a mishmash of obviousness references already considered by the Patent Office. The district court's analysis of each of these issues was wrong as a matter of law. The district court also faulted Rare Breed for supposedly not addressing certain points even though the Court's Local Rules did not permit a reply brief, Rare Breed had only ninety minutes for its hearing presentation, and Partisan chose not to bring its technical or economic experts to the hearing—depriving Rare Breed of any opportunity to cross-examine them. It then denied Rare Breed's motion for expedited discovery tailored to address its concerns, holding that more evidence would not change its mind.[1]

To remedy this injustice, Rare Breed requests the following schedules for this motion and appeal. Partisan opposes expediting the appeal but does not oppose expediting this motion as proposed.

### Proposed Schedule for this Motion

| | |
|---|---|
| Rare Breed's Motion | March 19, 2026 |
| Partisan's Opposition | March 26, 2026 (7 days after motion) |
| Rare Breed's Reply | March 30, 2026 (2 business days after opposition) |

---

[1] Rare Breed filed its notice of appeal on March 12, 2026, the day after the district court's denial of its motion for expedited discovery on March 11, 2026. The district court then mistakenly transmitted the appeal to the Tenth Circuit, causing a slight delay. Rare Breed files this motion to expedite the day after this appeal was docketed.

**Proposed Schedule for this Appeal**

| | |
|---|---|
| Rare Breed's Opening Brief | April 13, 2026 (25 days after docketing, 35 days less than the 60-day default) |
| Partisan's Responsive Brief | May 13, 2026 (30 days after opening brief, 10 days less than the 40-day default) |
| Rare Breed's Reply Brief | May 27, 2026 (14 days after response, 7 days less than 21-day default) |
| Joint Appendix | June 3, 2026 (7 days after reply) |
| Oral Argument | The next available session after briefing |

## II. BACKGROUND

### A. Rare Breed Developed a New Market By Investing in R&D and Legal Precedent

This case involves forced reset triggers ("FRTs") made for semi-automatic rifles. Ex. 6 ¶ 8. The federal government has previously regulated and closely monitors FRTs because they are designed to allow the user to take faster follow-up shots without manually releasing pressure on the trigger. Ex. 5 at 1–2; Ex. 6 ¶¶ 16, 19. The four asserted patents, U.S. Patent Nos. 10,514,223; 11,724,003; 12,036,336; and 12,274,807 are directed to FRTs that can be retrofitted into existing rifles. *Id.* ¶¶ 15, 19–20.

These patents grew out of Rare Breed's effort to design a trigger that could deliver faster follow-up shots while remaining semi-automatic and fully lawful.

Ex. 4 at 7:17–18, 9:8–9, 17:9–14, 19:19–23. Before bringing the product to market, Rare Breed worked with experts to ensure the trigger was a lawful semi-automatic device and not a machine gun. That development effort required substantial research, prototyping, testing, and investment before the first unit was ever sold. Ex.4 at 17:9–19. The result was the FRT-15—the first modern, commercially available forced reset trigger ("FRT"). Ex. 4 at 17:12–14, 25:12–14. Rare Breed brought it to market in 2020. Ex. 4 at 17:12–14.

Shortly after Rare Breed launched the FRT-15, the ATF took the position that the product was a machine gun component. Ex. 4 at 9:25–10:2. This resulted in litigation in several states and even the threat of criminal prosecution. The DOJ eventually obtained a preliminary injunction that shut down Rare Breed's operations. Ex. 4 at 10:3-4, 26:22-23.

That dispute began to resolve in 2024, when the Supreme Court held that the federal government had exceeded its statutory authority in regulating bump stocks. *See generally Garland v. Cargill*, 602 U.S. 406 (2024). Shortly thereafter, the Northern District of Texas ruled that Rare Breed's forced reset triggers were lawful semi-automatic triggers—not machine guns. *See Nat'l Ass'n for Gun Rts., Inc. v. Garland*, 741 F. Supp. 3d 568 (N.D. Tex. 2024). The DOJ appealed to the Fifth Circuit, but before a decision issued, the parties reached a settlement in May 2025. *See generally* Ex. 5.

Under the settlement, the DOJ acknowledged that Rare Breed's products could be lawfully sold subject to certain conditions, including that Rare Breed will not design FRTs for handguns and "will enforce its patents to prevent infringement that could threaten public safety" Ex. 5. Rare Breed also agreed "to promote the safe and responsible use of its products." *Id.*

**B. Partisan Deliberately Copied Rare Breed's Design, Despite Knowing of Rare Breed's Patents, and Flooded the Market with Cheap Copies**

Partisan entered the market in December 2025, selling a nearly identical infringing trigger for $299, compared to Rare Breed's $450 trigger. Ex. 4 at 90:25–91:1, 17:2–3; Ex. 1 at 2. As can be seen below, Partisan's design copies a figure from Rare Breed's patents and its commercial product:



*See* Ex. 10 at 1; *see also* Ex. 4 at 78:17–80:18 (hand-marked CAD errors result in "no difference" in Disruptor operation). Several months before releasing its product,

in September 2025, Partisan started publicly posting on an Internet forum demonstrating it had full knowledge of Rare Breed's patents and expected to be sued. Ex. 7. After launch, it summarized these posts as follows: "Partisan Triggers previously introduced ourselves here. In it, we detailed our preparations for the inevitable lawsuit from Rare Breed Triggers/ABC IP (RBT)." Ex. 8 at 2.

On January 7, 2026, Partisan announced on the same forum that "[t]his week, we've shipped thousands of triggers to dealers, with thousands more going out by week's end." *Id*. On January 15, 2026, Rare Breed responded by filing this lawsuit along with its motion for preliminary injunction the following day. *See* Ex. 1 at 1.

### C.  The District Court Denied Relief

The parties compete head-to-head in an emerging niche market, and the patented technology is Rare Breed's entire business. Ex. 4 at 16:15–16, 20:10–19. However, despite direct evidence of lost sales, price erosion, and damaged reputation, the district court concluded Rare Breed had not "shown any damages [that] are not compensable by money damages." *Compare* Ex. 1 at 14, *with* Ex. 4 at 12:11–18, 95:7–16, 135:7–8; Ex. 7 at 1; Ex. 8 at 1–5; Ex. 9 ¶¶ 12, 16 n.19.

The district court also entertained Partisan's assertion that insurance would somehow cover any damages. Ex. 1 at 32. However, the court acknowledged potential lost profits of $500 million (*id.* at 11) and did not attempt to square this with a policy limit of $10 million. *See* Ex. 4 at 92:23–25; 93:6–11. The court also

did not account for Partisan's failure to produce its alleged insurance policies and the unavailability of insurance for willful infringement. *See* Ex. 4 at 93:12–16.

On the merits, the district court avoided deciding infringement by finding "claim construction disputes preclude a finding of likely infringement"—without issuing even an interim ruling on claim construction. Ex. 1 at 29. The court also did not account for the inference of infringement created by Partisan's copying and the detailed infringement analysis of Rare Breed's expert, Brian Luettke, who has over twenty years' experience working at the ATF. Ex. 4 at 29:20–30:24. The district court's opinion does not mention Mr. Luettke by name or discuss his credibility as a testifying witness. *See* Ex. 1.

The district court next found Partisan "raised a substantial question of validity." *Id*. at 27. However, it did not adequately account for Rare Breed's response to this "question": Partisan argued invalidity based on obviousness but failed to identify a motivation to combine its various references, did not provide invalidity claim charts, and relied on prior art already rejected by the Patent Office. *See* Ex. 4 at 130:9–19, 131:6–24.

Finally, the district court faulted Rare Breed for not responding to every point raised by Partisan. *E.g.*, Ex. 1 at 13, 25, 28–29, 30, 34. However, the Court's Local Rules did not permit Rare Breed to file a reply to the 325 pages of material Partisan filed in opposition five days before the preliminary injunction hearing, *see* D. Wyo.

Local Rule 7.1(b)(2)(C), and the Court allowed Rare Breed only 90 minutes to present its case at the hearing, Ex. 4 at 3:19–24. Since Partisan failed to bring its experts to the hearing, Rare Breed also had no chance to cross-examine. *See* Ex. 4 at 5:12–13, 129:24-130:1, 133:20–22. Given this, Rare Breed filed a motion for expedited discovery—including depositions of Partisan's declarants—to support a possible renewed motion for preliminary injunction. *See* Ex. 2 at 1, 13. However, the district court denied any discovery, indicating reconsideration would be futile. Ex. 2 at 12.

> **D.      A Different District Court Reached the Opposite Result on a More Fulsome Record**

Partisan is not the only defendant Rare Breed has sued. Many copyists appeared after Rare Breed created the FRT market. Another is Hoffman Tactical. Rare Breed asserted related patents against Hoffman in Tennessee, and on February 11, 2026, the district court in that case granted a preliminary injunction. Ex. 3. Notably, the Tennessee court conducted an evidentiary hearing over three days to reach that result, *id.* at 1, in contrast to the 90-minute hearing here.

## III.   ARGUMENT

Expedited briefing is appropriate in this appeal of a denied preliminary injunction because Rare Breed will be adversely affected by the normal briefing and disposition schedule. Practice Note to Fed. Cir. Rule 27.

**A. Expedition Is Warranted to Minimize Irreparable Harm**

The district court was wrong in minimizing the irreparable harm caused by a direct competitor copying a patented product and selling it for a fraction of the patentee's price. With Partisan beginning to flood the market around January 7, 2026 (Ex. 8), a preliminary injunction was needed to preserve the status quo ante. Partisan is a new entrant who acted despite knowledge of Rare Breed's patents. Ex. 1 at 2. It also faces much less harm than an incumbent who created the market and is being forced out of it. *See Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 931 (Fed. Cir. 2012) ("LTC's losses were the result of its own calculated risk in selling a product with knowledge of Celsis' patent"; affirming preliminary injunction). The district court also erred in relying upon claims that Partisan could pay damages via insurance. Ex. 1 at 32. That insurance is plainly inadequate—limited to $10 million versus $500 million in expected lost profits—and also unproven since Partisan failed to produce the policies. *Compare* Ex. 4 at 92:23–25; 93:6–11, *with* Ex. 4 at 95:10–96:1; Ex. 1 at 11.

Expediting this appeal will enable entry of preliminary injunction while it can still prevent irreparable harm.

**B.      Expedition Is Warranted Because Rare Breed Is Likely to Succeed on the Merits**

The district court misconstrued the law and unduly limited the record.  Rare Breed highlights only a few of the district court's errors to illustrate why this Court should reverse.

First, the district court erred as a matter of law in holding that damages will be adequate in a case where a competitor is displacing the patentee with cheap copies of the patentee's own product.  *Compare* Ex. 1 at 14, *with* Ex. 7 at 1, Ex. 8 at 1–5, Ex. 9 ¶¶ 28–31; Ex. 4 at 12:11–18, 135:7–8, 95:7–16.  The district court's reasoning directly contradicts this Court's precedent.  Lost market share supports irreparable harm, especially when the accused infringer is a direct competitor.  *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1153–54 (Fed. Cir. 2011).  It is "often irreparable" to force a patentee to compete against products that "incorporate and infringe its own patented inventions."  *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013).  Such is the case here: the parties compete head-to-head in an emerging niche market, and the patented technology is Rare Breed's entire business. Ex. 4 at 16:15–16, 20:10–19.  The district court also ignored Partisan's inability to pay and the inadequacy of its unproven insurance.  *See* Ex. 1 at 32.

Second, the district court erred in finding no likelihood of success on infringement simply because it believed claim construction was necessary.  Ex. 1 at

11

29. Claim construction is a question of law that the district court should have resolved if it was really required. *E.g.*, *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 847–48 (Fed. Cir. 2008) (remanding for consideration of preliminary injunction including necessary claim construction). The district court also failed to address the detailed infringement opinion of Rare Breed's expert Brian Luettke, who explained why infringement should be found based on ordinary meaning without claim construction. *See* Ex. 6 ¶ 24. The court also failed to acknowledge the likelihood of infringement given Partisan's copying.

Third, the district court concluded its validity analysis by finding that Partisan had "raised a substantial question of validity." Ex. 1 at 27. However, that is not enough to defeat a preliminary injunction. It merely shifts the burden back to the patentee to present contrary evidence. *E.g.*, *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376–77 (Fed. Cir. 2009). Rare Breed more than carried that burden, demonstrating that Partisan failed to show a motivation to combine, did not provide invalidity claim charts despite its lengthy opposition, and relied on prior art already rejected by the Patent Office, including the '067 patent that Partisan emphasized. *See* Ex. 4 at 130:9–19, 131:6–24.

Fourth, the district court unduly discounted the public interest in enforcing valid patents and the public interest in gun safety, as evidenced by the federal government's requirement that Rare Breed enforce its patents. *See* Ex. 1 at 32–34.

12

Finally, the district court faulted Rare Breed for not responding to every point raised by Partisan. *E.g.*, Ex. 1 at 13, 25, 28–29, 30, 34. However, Rare Breed was not permitted to file a reply to Partisan's lengthy but incomplete opposition, D. Wyo. Local Rule 7.1(b)(2)(C), and was limited to 90 minutes at the hearing, Ex. 4 at 3:20–24. The district court did not see Partisan's experts' failure to appear at the hearing as a mark against their credibility. Instead, it appears to have credited their opinions heavily, *see* Ex. 1 at 13, 24–25, 28, even though their declarations were incomplete and Rare Breed had no opportunity to cross-examine them, *see* Ex. 4 at 5:12–13; 129:24-130:1, 133:20–22. The court also denied Rare Breed's motion for expedited discovery as futile, Ex. 2 at 12. This was an abuse of discretion. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008) ("We review a denial of a request for additional discovery for abuse of discretion.").

### C.     Expedition Will Not Prejudice Partisan

Rare Breed's proposed schedule will not prejudice Partisan's ability to present its arguments to the Court. Under the proposed schedule, Rare Breed is foregoing 35 of the default 60 days (more than half) for its opening brief and 7 of the default 21 days for its reply brief. *See* Fed. Cir. R. 31. The deadline proposed for Partisan's response brief, by contrast, will only shorten by 10 of the default 40 days.

In addition, Partisan anticipated this litigation and has been preparing since at least September of last year (*see* Ex. 7 at 2), and it submitted 325 pages in opposition

to Rare Breed's motion for preliminary injunction.  The proposed schedule will give Partisan ample time to prepare its brief and argument.

## IV.  CONCLUSION

The Court should enter the expedited schedules for this appeal and this motion as set forth above.

Dated:  March 19, 2026

Respectfully submitted,

 /s/ John W. Thornburgh
Matthew A. Colvin
Carl E. Bruce
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201[
Tel: (214) 747-5070
colvin@fr.com, bruce@fr.com

Benjamin J. Christoff
Elizabeth DeToro
FISH & RICHARDSON P.C.
1001 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
christoff@fr.com, detoro@fr.com

John W. Thornburgh
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
thornburgh@fr.com

Glen D. Bellamy
WOOD HERRON & EVANS, LLP
600 Vine Street, Suite 2800

14

Cincinnati, OH  45202
Tel:  (513) 707-0243
gbellamy@whe-law.com

*Attorneys for*
*ABC IP, LLC and Rare Breed Triggers,*
*Inc.*

<u>**CERTIFICATE OF SERVICE AND FILING**</u>

I certify that on March 19, 2026, I electronically filed the foregoing

**APPELLANTS ABC IP, LLC AND RARE BREED TRIGGERS, INC.'S**

**EMERGENCY MOTION TO EXPEDITE PROCEEDINGS** of Plaintiffs-

Appellants ABC IP, LLC, Rare Breed Triggers Inc. using the Court's CM/ECF

filing system.

Counsel for Defendants-Appellees Peak Tactical LLC have not yet appeared

in this Court and therefore are not CM/ECF recipients. Pursuant to FRAP

25(c)(2)(B) and Fed. Cir. R. 25, I served the foregoing by electronic mail on

March 19, 2026, to the following:

| | |
|---|---|
| Jeffrey S. Pope (Wyo. State Bar #7-4859)<br>HOLLAND & HART LLP<br>2020 Carey Avenue, Suite 800<br>P.O. Box 1347<br>Cheyenne, WY 82003-1347<br>Phone: 307.778.4200<br>jspope@hollandhart.com | Timothy Getzoff (admitted pro hac vice)<br>Randy Roeser (pro hac vice to be filed)<br>HOLLAND & HART LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302<br>Phone: 303.473.2700<br>tgetzoff@hollandhart.com<br>jrroeser@hollandhart.com |
| Andrew Orr (Wyo. State Bar #7-6235)<br>HOLLAND & HART LLP<br>P.O. Box 68<br>Jackson, WY 83001<br>Phone: 307.739.9741<br>acorr@hollandhart.com | Paul Swanson (admitted pro hac vice)<br>HOLLAND & HART LLP<br>555 Seventeenth Street, Suite 3200<br>Denver, CO 80202<br>Phone: 303.295.8000<br>pdswanson@hollandhart.com |

/s/ *John W. Thornburgh*
John W. Thornburgh

16

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).  The motion contains 2,984 words, excluding the parts of the motion authorized by Fed. R. App. P. 27(a)(2)(B).  This motion has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 in Times New Roman, 14 Point.


Dated: March 19, 2026

*/s/ John W. Thornburgh*
John W. Thornburgh