No. 26-1527

# United States Court of Appeals for the Federal Circuit

## ABC IP LLC, RARE BREED TRIGGERS INC.,

*Plaintiffs-Appellants,*

*v.*

## PEAK TACTICAL LLC, dba Partisan Triggers, NICHOLAS NORTON,

*Defendants-Appellees.*

APPEAL FROM UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING, IN NO. 2:26-CV-00018-KHR, JUDGE KELLY H. RANKIN

## APPELLANTS ABC IP, LLC AND RARE BREED TRIGGERS, INC.'S REPLY IN SUPPORT OF EMERGENCY MOTION TO EXPEDITE PROCEEDINGS

John W. Thornburgh
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
thornburgh@fr.com

Carl E. Bruce
Matthew A. Colvin
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

March 31, 2026

Benjamin J. Christoff
Elizabeth DeToro
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 2024
Tel: (202) 783-5070

Glenn D. Bellamy
WOOD HERRON & EVANS, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 707-0243

*Attorneys for Plaintiffs-Appellants*
*ABC IP LLC, Rare Breed Triggers, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Plaintiffs-Appellants ABC IP LLC and Rare Breed Triggers, Inc. certifies the following:

1. Provide the full names of all entities represented by undersigned counsel in this case.

   **Rare Breed Triggers, Inc.**
   **ABC IP, LLC**

2. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

   **Kevin Maxwell**

3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

   **LAD, LLC**
   **Leleux LLC**
   **1861 LLC**

4. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

   **Fish & Richardson P.C.:  Jory M. Hoffman**
   **Koch Law P.C.:  Nathan A. Nicholas; Travis W. Koch**

5. Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

   **Yes (*see* Notice of Related Case Information at Dkt. 7).**

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

   **None/Not Applicable.**

Dated:  March 31, 2026                          */s/ John W. Thornburgh*
                                                John W. Thornburgh

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES ................................................................ iii

INDEX OF ATTACHMENTS ............................................................ iv

I.  INTRODUCTION ...............................................................1

II.  ARGUMENT ...................................................................3

    A.  Expedition Is Warranted to Minimize Irreparable Harm ......................3

    B.  Expedition Is Warranted Because Rare Breed Is Likely to Succeed on the Merits ................................................6

    C.  Expedition Will Not Prejudice Partisan .................................8

III.  CONCLUSION ................................................................9

CERTIFICATE OF SERVICE AND FILING ...................................... 11

CERTIFICATE OF COMPLIANCE...................................................... 12

**Page(s)**

**Cases**

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
  717 F.3d 1336 (Fed. Cir. 2013) .................................................................................4

*Hallmark-Phoenix 3, LLC v. United States*,
  429 F. App'x 983 (Fed. Cir. 2011) .............................................................8

*Kyocera Wireless Corp. v. ITC*,
  276 F. App'x 976 (Fed. Cir. 2018) .............................................................8

*Medeva Pharma Suisse A.G. v. Par Pharm., Inc.*,
  430 F. App'x 878 (Fed. Cir. 2011) .............................................................8

*Natera, Inc. v. NeoGenomics Lab'ys, Inc.*,
  No. 24-1324, Dkt. No. 17 (Fed. Cir. Feb. 6, 2024) .............................8

*Nippon Shinyaku Co., Ltd. v. Sarepta Therapeutics, Inc.*,
  No. 21-2369, Dkt. No. 19 (Fed. Cir. Oct. 21, 2021).............................8

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*,
  549 F.3d 842 (Fed. Cir. 2008) .................................................................7

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
  659 F.3d 1142 (Fed. Cir. 2011) .................................................................3

*Titan Tire Corp. v. Case New Holland, Inc.*,
  566 F.3d 1372 (Fed. Cir. 2009) .................................................................7

*Well Cell Glob. LLC v. Calvit*,
  No. 23-1229, Dkt. No. 34 (Fed. Cir. Mar. 16, 2023)...........................9

**Other Authorities**

Fed. Cir. R. 27 ...................................................................................................4

https://www.cafc.uscourts.gov/wp-content/uploads/reports-
  stats/FY2025/MedianDispositionTime-Merits.pdf...............................5

# INDEX OF ATTACHMENTS

| Ex. No. | Description |
|---|---|
| 11 | Forum titled "It is time for an introduction" posted September 18, 2025, on https://AR15.com/forums [excerpt] (Filed January 15, 2026, at Dkt. No. 1-5) |

## I.   INTRODUCTION

This is a case about a direct competitor selling a cloned product at a lower price and taking the patentee's customers.  It is a paradigm case for expedition, and none of Partisan's excuses hold up.

First, Partisan's assertion of prejudice rings hollow.  Rare Breed will self-expedite, and the Court has already ordered that Rare Breed file its opening brief 35 days early (as Rare Breed proposed).  Dkt. 9.  All Rare Breed requests is (i) that Partisan have *30 days* for its responsive brief rather than 40 and (ii) that the Court schedule oral argument as soon as possible.

Second, Partisan is wrong that Rare Breed delayed.  Rare Breed sued within days of Partisan flooding the market.  Partisan suggests Rare Breed should have sued in response to internet posts months earlier, but those posts admittedly did not reveal Partisan's design.  *See* Ex. 11 ("For reasons that should be obvious, we can't speak publicly yet as to all our plans and intrigues.").  Rare Breed should also not be faulted for seeking expedited discovery to support reconsideration before noticing an appeal.  That was consistent with Rare Breed's effort to resolve the case as quickly as possible.  The same is true of Rare Breed's litigations against dealers.  They were the first infringers to appear, and Rare Breed sued before knowing the identity of their supplier.  In short, Rare Breed has done everything humanly possible to expedite this case because *every* day of infringement truly causes it irreparable harm.

1

Third, Partisan insists the Court should defer to the district court's finding of no irreparable harm, but that ignores both the purpose of appeal and the district court's legal errors and contradictions. The district court applied a test that would make it impossible to prove irreparable harm (especially after only a few days of infringing sales) and ignored both the commonsense reality of infringement by a direct competitor and the testimony of Rare Breed's President and its economics expert. The district court also relied on an unsubstantiated $10 million insurance policy to satisfy Partisan's ability to pay hundred of millions of dollars in damages. Furthermore, the median time for disposition of district court appeals is currently 19 to 20.5 months. That translates into over $100 million in damages during a normal appeal schedule, and Partisan will not be able to pay given its low prices.

Finally, Partisan is wrong that it is the innovator of FRT technology. Its story does not even make sense. Why would a design based on a patent issued in 2015 (its '067 patent) excite the market in 2026? It would not. What Partisan is selling now is different. Partisan's '067 patent is also cited on the face of Rare Breed's asserted patents. The Patent Office has already rejected Partisan's invalidity argument. In any event, whether Partisan holds prior art is a disputed merits question that underscores why this appeal should be heard promptly, not a reason to delay it.

## II. ARGUMENT

### A. Expedition Is Warranted to Minimize Irreparable Harm

Partisan does not even attempt to explain how selling a nearly identical infringing trigger for $299, compared to Rare Breed's $450 trigger, does not cause irreparable competitive harm. *See* Ex. 4 (Dkt. 5-5) at 90:25–91:1, 17:2–3; Ex. 1 (Dkt. 5-2) at 2. In fact it does, as established by Rare Breed's economics expert, Dr. Warty. *See* Ex. 9 (Dkt. 5-10). The market is small, specialized, and front-loaded. Customers who adopt a substitute rarely switch back due to familiarity and switching costs. *Id.* ¶¶ 10–11. The harm is not linear; it compounds. Earlier harms magnify later ones. *Id.* ¶ 29. Dealer displacement is sticky. Once dealers reorganize inventory, training, and marketing around a competitor's product, switching costs make reversion "economically unattractive even if the infringing product is later enjoined." *Id.* ¶¶ 13–15. Price erosion becomes permanent. The Partisan Disruptor is sold at a substantially lower price. Once buyers internalize a lower reference price, firms cannot return to prior levels without losing sales. *Id.* ¶¶ 16–17, 19. And monetary damages cannot reconstruct what is lost. Money damages cannot restore customer relationships, distribution channels, or competitive positioning. *Id.* ¶¶ 28, 30.

The only way the district court found otherwise was by ignoring the applicable legal standard, including the cases cited in Rare Breed's opening brief, which are

also not mentioned in Partisan's opposition.  *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1153–54 (Fed. Cir. 2011); *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013).  The level of proof the district court demanded, Ex. 1 (Dkt. 5-2) at 14, is not only inconsistent with these cases; it would be impossible to meet, especially when the infringer started flooding the market just days before Rare Breed filed its PI motion.

Partisan argues that this Court should defer to the district court's finding of no irreparable harm, but in almost every appeal from a denied PI, the movant lost on irreparable harm below.  That is why they are appealing.  While the expedition inquiry does not require the Court to pre-decide the merits in favor of the movant, it also should not simply defer to the district court.  Indeed, this Court's Practice Note expressly identifies PI appeals as paradigmatic expedition cases: "as in appeals involving preliminary or permanent injunctions."  Practice Note to Fed. Cir. R. 27.  Partisan omits this part of the Practice Note when quoting it.  Dkt. 13-1 ("Opp.") at 10, 12.

Rare Breed also faces another type of irreparable harm, based on Partisan's inability to pay damages.  Partisan attempts to minimize the district court's reliance on its unproven insurance to mitigate this harm, but the district court entertained Partisan's assertion that insurance would somehow cover any damages.  Ex. 1 (Dkt. 5-2) at 32.  Yet despite acknowledging potential lost profits of $500 million (*id.* at

11), the district court did not attempt to square that figure with a policy limit of $10 million. It also did not account for Partisan's failure to produce its alleged insurance policies and the unavailability of insurance for willful infringement. *See* Ex. 4 (Dkt. 5-5) at 92:23–25; 93:6–16.

Moreover, according to this Court's published data, the median time to disposition for district court appeals is currently 19 to 20.5 months.[1] At Appellees' undisputed sales rate of 3,500 units per week (Dkt. 13-2 at 30) and an undisputed lost profit of $350 per unit (Ex. 4 at 95:4–6), that translates to approximately $100-109 million in potential damages accruing during a normally scheduled appeal. Yet Partisan's insurance covers $10 million. Waiting for the normal schedule does not just risk irreparable harm—it all but guarantees it. At that point, no appellate decision can make the Appellants whole.

Finally, Partisan's assertions of delay are misdirection. Rare Breed filed this lawsuit on January 15, 2026 and its motion for TRO/PI the next day—just a week after Partisan announced that "[t]his week, we've shipped thousands of triggers to dealers, with thousands more going out by week's end." Ex. 8 (Dkt. 5-9) at 2. Even Partisan admits it began shipping December 15, 2025. Dkt. 13-2 (Opp. Ex. A) at 23. Partisan's assertion that "Appellants were aware of Partisan's forthcoming trigger

---

[1] *See* https://www.cafc.uscourts.gov/wp-content/uploads/reports-stats/FY2025/MedianDispositionTime-Merits.pdf.

three months before they commenced litigation" (Opp. at 2) relies on forum posts that deliberately concealed Partisan's design. *See* Ex. 11 ("we can't speak publicly yet as to all our plans and intrigues . . . 'Let your plans be dark and impenetrable as night'")). Partisan is also wrong to fault Rare Breed for seeking expedited discovery for reconsideration in the district court before appealing. This was a logical response to the district court faulting Rare Breed for not responding to every point raised by Partisan, *see* Ex. 1 (Dkt. 5-2) at 13, 25, 28–29, 30, 34, and could have resolved the case faster than an appeal. After the district court denied that motion as futile, *see* Ex. 2 (Dkt. 5-3) at 12, Rare Breed noticed its appeal the next day and filed this motion to expedite. It has not delayed.

B.     **Expedition Is Warranted Because Rare Breed Is Likely to Succeed on the Merits**

Partisan's suggestion that it has the "senior architecture" cannot withstand scrutiny. The '067 patent that Partisan licensed was filed in 2013, issued in 2015, and is cited as prior art on the face of the asserted patents. *See* Ex. 4 (Dkt. 5-5) at 130:9–19, 131:6–24. Partisan does not even attempt to explain how products using this old technology would allow it suddenly to begin shipping thousands of units in January, 2026, and it does not explain why the Patent Office was wrong in finding that the asserted patents are valid over the '067 patent. It also implicitly admits the '067 technology is different by characterizing it as a "assisted reset trigger" rather than a "forced reset trigger." *See* Opp. at 2.

In fact, Partisan is now selling a copy of Rare Breed's trigger, not a trigger based on the older '067 patent. Partisan does not dispute the diagrams in Rare Breed's opening brief showing how it copied, and it does not respond to the clear legal errors the district court made in evaluating the merits. The district court erred in finding no likelihood of success on infringement because it believed claim construction was necessary. Ex. 1 (Dkt. 5-2) at 29. The district court should have resolved that dispute. *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 847–48 (Fed. Cir. 2008). The district court also erred in holding "a substantial question of validity" defeated Rare Breed's motion. Ex. 1 (Dkt. 5-2) at 27. That is not the standard. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376–77 (Fed. Cir. 2009). Again, Partisan does not even discuss these points or these cases.

The public interest also favors Rare Breed, as evidenced by the federal government's requirement that Rare Breed enforce its patents. The fact the *Hoffman* case involves an even greater threat to public safety (from the defendant publishing designs on the Internet) does not undermine the public interest in enforcing Rare Breed's patents, nor does it change the very real inconsistency between this case and the *Hoffman* court's evaluation of the merits on a more fulsome record.

In short, the district court committed clear errors, and Rare Breed is likely to succeed on the merits. Combined with the very real competitive harm that Rare Breed faces, an expedited appeal is needed.

**C. Expedition Will Not Prejudice Partisan**

This case has moved fast, and Partisan has had no difficulty keeping up. It expected to be sued and prepared in advance. Asking it to write an appeal brief in 30 days rather than 40 will cause it no undue harm. Rare Breed will also self-expedite, as the Court has already ordered (*see* Dkt. 9).

The cases Partisan cites on prejudice are distinguishable, and none even involve PIs. *See Hallmark-Phoenix 3, LLC v. United States*, 429 F. App'x 983, 984 (Fed. Cir. 2011) (expedition denied because Appellant did not self-expedite and did not develop its expedition argument); *Medeva Pharma Suisse A.G. v. Par Pharm., Inc.*, 430 F. App'x 878, 880 (Fed. Cir. 2011) (appeal from final standing judgment not preliminary injunction); *Kyocera Wireless Corp. v. ITC*, 276 F. App'x 976, 977 (Fed. Cir. 2018) (expedition denied because premised on a denied stay). By contrast, this Court has granted expedition in cases involving PIs. *E.g.*, *Nippon Shinyaku Co., Ltd. v. Sarepta Therapeutics, Inc.*, No. 21-2369, Dkt. No. 19 (Fed. Cir. Oct. 21, 2021) (granting motion to expedite appeal of district court decision denying preliminary injunction); *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, No. 24-1324, Dkt. No. 17 (Fed. Cir. Feb. 6, 2024) (granting motion to expedite appeal of district court decision

granting preliminary injunction); *Well Cell Glob. LLC v. Calvit*, No. 23-1229, Dkt. No. 34 (Fed. Cir. Mar. 16, 2023) (same).

Rare Breed also recognizes that this Court has many cases, but it respectfully requests an argument as soon as possible. A decision in 20 months cannot remedy the harms it is suffering.

## III. CONCLUSION

The Court should grant Rare Breed's motion to expedite this appeal.

Dated:  March 31, 2026

Respectfully submitted,

 */s/ John W. Thornburgh*
John W. Thornburgh
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070

Carl E. Bruce
Matthew A. Colvin
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070

Benjamin J. Christoff
Elizabeth DeToro
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070

Glenn D. Bellamy
WOOD HERRON & EVANS, LLP
600 Vince Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 707-0243

***Attorneys for Plaintiffs-Appellants
ABC IP LLC; Rare Breed Triggers, Inc.***

<p style="text-align: center;">**<u>CERTIFICATE OF SERVICE AND FILING</u>**</p>

I certify that on March 31, 2026, I electronically filed the foregoing **APPELLANTS ABC IP, LLC AND RARE BREED TRIGGERS, INC.'S REPLY IN SUPPORT OF EMERGENCY MOTION TO EXPEDITE PROCEEDINGS** of Plaintiffs-Appellants ABC IP, LLC, Rare Breed Triggers Inc. using the Court's CM/ECF filing system.  Counsel for Defendants-Appellees were electronically served by and through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(e)..

<div style="margin-left: 50%;">

*/s/ John W. Thornburgh*
John W. Thornburgh

</div>

# **CERTIFICATE OF COMPLIANCE**

I certify that this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). The reply contains 2,030 words, excluding the parts of the document authorized by Fed. R. App. P. 27(a)(2)(B). This document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 in Times New Roman, 14 Point.

Dated: March 31, 2026

*/s/ John W. Thornburgh*
John W. Thornburgh